Tomlinson *v.* Town of Derby.

———— ✦✦✦ ————

## JAMES W. TOMLINSON *vs.* TOWN OF DERBY.

In this state we adhere closely to the technical rule of the common law, that where the damages from an act complained of are special, the matter must be distinctly averred in the declaration in order to apprise the defendant of the nature of the claim.

Tomlinson *v.* Town of Derby.

Special damage is that which the law does not necessarily imply that the plaintiff has sustained from the act complained of, as where the consequences of an injury are peculiar to the circumstances and condition of the injured party.

The plaintiff, in an action against a town for an injury from a defect in a bridge, averred in his declaration that he was thereby "prevented from attending to his ordinary business." Held that he could not show, under this averment, that he was earning a hundred dollars a month in carting and sawing timber.

The court may receive evidence of declarations made by a witness inconsistent with his testimony, without the witness having been enquired of on cross-examination as to whether he had made such declarations.

The matter is one within the discretion of the judge, and error can not be predicated of it.

In an action against a town for an injury from a defect in a bridge, witnesses may testify as to the particular circumstances which called their attention to the defect, as that the wheels of their vehicles ran into the hole, or their horses shied at it.

ACTION on the statute concerning highways and bridges, for damages from an injury caused by a defect in a bridge of the defendant town; brought to the Superior Court in New Haven County, and heard in damages after demurrer overruled, by *Sanford, J.*

Upon the hearing the plaintiff introduced evidence as to the place, cause, manner and extent of his injury, and among others, offered the testimony of one Martin, as to the character of the alleged defect in the bridge, who testified that he shunned it, so that he need not get a wheel in the hole. To this testimony the defendants objected, but the court admitted it.

To show there was a hole in the bridge and the size of it, on the day of, or day before the accident, the plaintiff offered the testimony of one Mansfield, who testified that as he was carting over the road, the wheel of his cart, which was two inches and three-quarters wide, went into the hole to the depth of a foot or more. To this testimony the defendants objected, but the court admitted it.

For the purpose of showing how the attention of one of the witnesses was called to the defect, shortly before the accident, the plaintiff offered to show by one Henry G. Hurd, that his horse was frightened at the hole. To this evidence the defendants objected, but the court admitted it.

Other evidence of the same character was admitted by the court against the objection of the defendants.

Tomlinson *v.* Town of Derby.

The plaintiff testified that up to the time of his injury his business was that of carting timber and sawing it, and that he had a saw-mill, and that at the time he was hurt he was earning about one hundred dollars a month. To this evidence the defendants objected, on the ground that no special damages, or damages to his particular business, were alleged in the declaration, but the court overruled the objection and admitted the evidence. The allegation in the declaration upon this point was as follows : And the plaintiff says that by means thereof he has suffered great pain of body from that time hitherto, and has during all said time been prevented from attending to his ordinary business, and has been obliged to lay out and expend, in endeavoring to cure said wounds and injuries to his person as aforesaid, the sum of one thousand dollars, and that he has sustained damage amounting in the whole to ten thousand dollars.

The plaintiff also called two witnesses to testify to conversations with one Mrs. Austin, a witness who had testified for the defendants, in which it was claimed that she had made statements inconsistent with and contradictory to her testimony. To this evidence the defendants objected, on the ground that no foundation had been laid for contradicting Mrs. Austin, by asking her if she had conversed with these witnesses, or made any statements to them in reference to the accident, or in any way calling her attention to any interview with them, or by showing any reason for not having done so. But the court overruled the objection and admitted the evidence.

The court assessed the damages at $1,500. The defendants moved for a new trial for error in the rulings of the court.

*G. H. Watrous* and *W. B. Wooster,* in support of the motion.

*H. B. Munson* and *D. R. Wright,* contra.

Loomis, J. The defendant moves for a new trial on account of the ruling of the court in admitting or rejecting testimony in three instances; in two of which the decision

was so obviously correct as to require only a brief reference, if any.

1. There was nothing erroneous in allowing sundry witnesses to state particular circumstances which directly called their attention to the hole in the bridge, constituting the alleged defect, as that the wheels of their vehicles actually ran into it, their horses shied at it, or seeing it they took pains to drive so as to avoid it. Some of the circumstances indicated the position of the hole with reference to the ordinary wheel track, its size was well indicated by the fact that a cart wheel two and three-quarter inches thick went into it to the depth of a foot, and the fact of its existence was evidenced by all the circumstances referred to. To exclude such facts would deprive a jury of most tangible evidence disclosing the existence, character, and magnitude of the defect, and would at the same time take away one of the most important means of determining the value of testimony by weighing it with reference to the opportunities which each witness had to know and remember the facts and to judge accurately in regard to them.

2. The court in the exercise of its discretion had the right to receive evidence of the declaration of Mrs. Austin contradictory to the material facts sworn to by her at the trial, without requiring that she should have been first inquired of on the cross-examination whether she had made such contradictory statements; and error cannot be predicated on any such ruling. In the case of *Hedge* v. *Clapp,* 22 Conn., 262, this question is exhaustively considered and definitely determined.

3. The remaining question relates to the reception by the court of the evidence that the plaintiff, up to the time of the injury, had been engaged in the business of carting lumber and sawing it, and that he had a saw-mill, and that at the time he got hurt he was earning about one hundred dollars per month. The objection to this evidence was that no special damage, or damage to the plaintiff's particular business, was sufficiently alleged in the declaration. The use which the court made of this evidence is not expressly found, but as its obvious and natural effect was, if believed, to induce the court

to add to the damages the sum of one hundred dollars per month on account of the plaintiff's loss of income or profits resulting from the interruption of his business, we must conclude that such was the purpose for which it was offered and received.

The question here presented we think may well be distinguished from those cases where, for the purpose of showing the loss of capacity or extent of injury, it has been permitted to the plaintiff to show the kind and amount of labor that he was accustomed to perform before the injury as compared with that he was able to perform afterwards, as was allowed in *Wade* v. *Le Roy*, 20 How., 43, and in *Ballou* v. *Farnum*, 11 Allen, 73 ; though in the last case it should be remarked that the declaration contained an explicit averment covering the matter offered in evidence.

We would also distinguish this case from other cases where the question was simply one of damages, without any reference to the.rules of pleading.

There is no doubt that in an action for a personal injury that prevents a person from attending to his business, the nature and extent of that business, the fact of its interruption, and the resulting loss of earnings, (unless too remote or contingent,) are all legitimate elements of damage. The admission of such evidence has been sanctioned in a great variety of cases, among the most recent of which are the following : *Walker* v. *Erie R. R. Co.*, 63 Barb., 260 ; *Hanover R. R. Co.* v. *Coyle*, 55 Penn. S. R., 396 ; *New Jersey Express Co.* v. *Nichols*, 33 N. Jersey, 434; *Nones* v. *Northouse*, 46 Verm., 587 ; *Potter* v. *Metropolitan Railway Co.*, 28 Law Times, No. 8, New Series, p. 735.

These cases do not seem to have turned at all upon the state of the pleadings, but solely upon the question what were the proper elements of damage. In some of the states the common law rule of pleading has been abolished, and in other states these rules are so relaxed by the growing disregard by the courts of all mere technicalities, that questions of damage are decided without much reference to the pleadings.

In this state however we still adhere closely to the technical

rule of the common law, that where the damages are special the matter must be distinctly averred in the declaration in order to apprise the defendant of the nature of the claim. *Bristol Manf. Co.* v. *Gridley*, 28 Conn., 201; *Taylor* v. *Town of Monroe*, 43 Conn., 36; 1 Chitty on Pleading, 428.

Special damage is that which the law does not necessarily imply that the plaintiff has sustained from the act complained of. It is often very difficult to distinguish general from special damage. The necessary result of an injury is often and easily confounded with the natural and proximate result, and all legal damage whether general or special must naturally and proximately result from the act or default complained of. It is difficult to lay down any general rule by which to determine when the law implies the damage and when it does not. It would seem however that when the consequences of an injury are peculiar to the circumstances and condition of the injured party, the law could not imply the damage simply from the act causing the injury. If it be true that the law implies a loss of time from the act complained of, it does not seem quite fair and just, when the sole object of the rule that requires special damage to be averred is to advise the defendant of the claim, to carry the implication so far as to imply also all the special consequences of such loss of time, when such consequences must depend on the peculiar circumstances of the plaintiff at the time of and previous to the injury, as that he was actually engaged in some special business which was at the time yielding a pecuniary profit. If this is so it would be as well to abolish the distinction between general and special damage.

In the recent case of *Taylor* v. *Town of Monroe*, before referred to, we held that the plaintiff could not, without an appropriate averment in the declaration, offer evidence to enhance her damages by proving the loss of earnings as a button maker in a button shop.

The declaration in that case, as in this, simply averred that the plaintiff was "prevented from attending to her ordinary business," which we held could only be construed as characterizing the injury and indicating its extent in a general way,

and that it did not lay the foundation for proof of special damage.

In that case the finding as to the nature of the business, and as to the use which the court made of the evidence, was much more explicit than in the present case; but we do not well see how that case can be distinguished in principle from this, and the decision there announced must control this case.

A new trial is advised.

In this opinion the other judges concurred.

[The cases of the New Haven term will be continued in the next volume ]