MARY NIXON, Respondent, *v.* PORTER S. STILLWELL, Appellant.

. *N. Y. Supreme Court, Fourth Department, General Term, May* 12, 1889.

1. *Trespass. Evidence.*—In an action for trespass for wrongfully cutting down and carrying off certain trees, growing on plaintiff's farm, evidence tending to show how the value of the land is affected by the destruction of trees used for shade and a windbreak, is competent.

2. *Same. Charge.*—A charge, in such case, that the value of the trees merely for wood is not the proper measure of damages, but the jury must take into consideration the location and the use to which they were put and the value of the land on which they stood, is not erroneous.

3. *Same.    Boundary.*—The fact that the boundary line passes through one of the clusters of trees, will not prevent one from maintaining trespass against the other adjoining proprietor for their destruction.

4. *Same.    Excessive Verdict.*—A verdict for $200 damages for destroying trees, which had no value apparently for timber, and but very little for wood, in the absence of any facts showing that the loss of the trees affected the land to the extent of the verdict, is excessive, and a new trial should be granted.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial on the minutes.

The action was brought for defendant's wrongful entry upon the land of plaintiff, and without leave cutting down and carrying off trees.

The jury rendered a verdict for the plaintiff for $200 damages, and answered, in the negative, the question whether the defendant, when he committed the injury, had probable cause to believe that the land was his own. Thereupon treble damages were awarded to the plaintiff.

*Giles B. Everson*, for appellant.

*W. O. Goodelle*, for respondent.

MERWIN, J.—Upon the exceptions in this case, the main question relates to the matter of damages. The plaintiff and defendant owned adjoining farms. Near the line fence on the north and south line, and on plaintiff's side of the fence, there were eight basswood trees, three in one clump and five in another, that were cut by direction of the defendant, without the leave of plaintiff. It was shown on the part of the plaintiff that the utility of the trees consisted in the furnishing a shade and wind-break for cattle.

The question was then asked, " what were those three trees, which were first cut down, worth to the land on which they stood, for the purpose for which they were used ? "

This was objected to "as not being the true rule of damages." Several questions of this character were put; in some cases the objection being as above, and in other cases the expression being added, "we claim the true measure of damages to be the value of the trees as standing there upon the land at the time." No objection to the form of the question in other respects was taken. The objection was, in each case, overruled, and exception taken. These rulings present the question whether, in an action of this kind, it is proper to show how the value of the land is affected by the destruction of trees used for shade and a wind-break. It is easy to see that their value for wood or timber, or as trees simply, may be very little, and still that the land without them may be appreciably diminished in value; it is not like the case of destruction of fruit trees, that have, in themselves a productive value. Whitbeck v. R. R., 36 Barb. 644. It is rather a case where there may be a special value as connected with the farm, altogether independent of and superior to their intrinsic value for purposes of fuel. HOGEBOOM, J. in Van Deusen v. Young, 29 Barb. 19; Wallace v. Goodall, 18 N. H. 456; Chipman v. Hibberd, 6 Cal. 162.

It may be that the form of the question was not proper, but no objection was made to that. The objection that was made was properly overruled. Upon the same subject, the court charged that "the value of the trees merely for wood is not the proper measure of damages, but the jury must take into consideration the location and the use to which they were put and the value to the land on which they stood." This was not erroneous.

The plaintiff had a right to rely on her long possession and the rule as to adverse possession was properly given. The, facts as to the possession were substantially undisputed. There was some evidence that the line passed through one of the clusters of trees. The court properly held that this would not prevent the plaintiff maintaining trespass under the case of Dubois v. Beaver (25 N. Y. 124).

The court was not asked to give the rule as to the extent of damages in such a case. The jury, by their verdict, evidently found that the land of the plaintiff was bounded by the fence, which placed the trees entirely on plaintiff. There are some other exceptions, some of which were obviated by evidence afterwards given. There are none which call for any particular discussion. None are of sufficient importance to call for a reversal of the judgment.

It is claimed by defendant that the damages are excessive. This was one of the grounds on the motion for a new trial. There is some ground for this claim. The farm of the plaintiff was on a by road; its value does not appear.

On the rear of the farm was a lot of sixteen acres, used as a pasture part of the time, and cultivated part. The back line of this lot was the line in controversy. The trees were near the fence which ran north and south, and the ground there sloped toward the defendant. Each of the clusters evidently grew up originally as sprouts from a stump. They varied in size from five and a half inches in diameter to twenty-two inches. They had no value apparently, for timber, and but very little for wood. There were other shade trees in that locality. How the loss of the trees in question affected the value of the farm to the extent of the verdict does not appear by any facts that are given.

True, the husband of the plaintiff and several other witnesses, in answer to the general question that has been referred to, placed the value of the trees to the land higher than the verdict. But the facts upon which their judgment is based are not given; it is left to speculation.

Judging from the evidence given, we think the damages are excessive and that a new trial should, on this ground, be granted, upon the usual terms in such cases.

Judgment and order reversed and a new trial ordered upon defendants paying costs and disbursements of last trial, costs of appeal to abide the event. If costs and dis-

bursements of trial are not paid, judgment and order affirmed, with costs.

All concur.