JENNIE P. HOYT AND OTHERS *vs.* THE SOUTHERN NEW
ENGLAND TELEPHONE COMPANY.

New Haven & Fairfield Cos., Jan. T., 1891. ANDREWS, C. J., CARPEN-
TER, LOOMIS, SEYMOUR and TORRANCE, JS.

The defendant, without permission, but supposing it to have been given,
cut a shade tree standing in front of a vacant lot owned by the plaint-
iffs upon a borough street. In an action for an injury to the land from
the cutting of the tree the court found that the lot was valuable as a
site for a building of a high class and was for sale, that the tree was an
ornamental shade tree, planted by the plaintiffs' ancestor and valued
and cared for by them, and that it added $150 to the value of the lot,
and that it was in plain view from the residence of some of the plaint-
iffs and from other improved property of theirs near by; and assessed
the damages at $150. Held on the defendant's appeal—

1. That the damages to which the plaintiffs were entitled was compensation
for their actual loss from the destruction of the tree.

2. That as the suit was for injury to the land, it would not have been
enough to award as damages the mere value of the tree as wood or
timber.

3. That an estimate in the damages of the probable injury to the sale of the
lot, was not an estimate of speculative and remote damages.

4. That the finding was not to be construed as including in the $150 any
sentimental value of the tree, but only its actual value to the lot.

[Argued January 27th—decided April 20th, 1891.]

ACTION to recover damages for the cutting of a tree on
land of the plaintiffs; brought to the Court of Common
Pleas of Fairfield County, and heard in damages, after a
default, before *Perry, J.* Facts found and damages as-
sessed at one hundred and fifty dollars, and appeal by the
defendant. The case is fully stated in the opinion.

*M. W. Seymour* and *H. H. Knapp*, for the appellant.

VOL. LX.—25

1. The plaintiff has a right to recover for the damage actually proved to have been suffered, and for such only. Sedgw. on Dam., 553; 3 Sutherland on Dam., 373; *Bateman* v. *Goodyear*, 12 Conn., 575; *Johnson* v. *Gorham*, 38 id., 513; *Sutton* v. *Lockwood*, 40 id., 318; *Conard* v. *Pacific Ins. Co.*, 6 Pet., 262; *U. States* v. *Williams*, 18 Fed. Rep. 475.

2. The court erred in holding that the measure of damages should be based upon and include the sentimental value attached to the tree by the plaintiffs, in that (*a*) it "stood in plain view of the residence of some of the plaintiffs, and of other improved property of theirs," and (*b*) that the tree in question "had been planted by an ancestor of the plaintiffs and was cared for and valued as such by them." That the court in rendering the judgment complained of did in fact predicate it upon such sentimental value, is plain. The finding is as follows:—"As an ornamental shade-tree (for which purpose it had been planted by the ancestor of the plaintiffs, and was by them cared for and valued), it was worth $150, and added at least that amount to the value of the lot for any purpose in connection with which an ornamental tree was desirable. It stood in plain view from the residence of certain of the plaintiffs, and of other improved property of theirs near by." It is settled law that the court in estimating the damages for the injury done by us inadvertently to their property must recompense the plaintiffs for the injury actually received, and the wounded feelings of the plaintiffs or the injury to the æsthetic part of their nature are not a part of such recompense. 3 Sutherland on Dam., 367; Eggleston on Dam., 40, 129; Sedgw. on Dam., 553; 2 Greenl. Ev., § 253; Washb. on Easements, 612; *Ingraham* v. *Hutchinson*, 2 Conn., 584; *Argotsinger* v. *Vines*, 82 N. York, 308; *Gardner* v. *Field*, 1 Gray, 151; *Bixby* v. *Dunlop*, 5 N. Hamp., 456; *Yahooka River Mining Co.* v. *Irby*, 40 Geo., 479; *Perkins* v. *Hackleman*, 26 Miss., 41; *Parker* v. *Foote*, 19 Wend., 309.

3. The court erred in estimating remote or speculative damages. Turning to the finding we see that "the lot in front of which said tree stood was, at the time of the cutting,

enclosed by a high board fence, and not occupied by any building, but is centrally located in the borough of Stamford, and was and is available and valuable as a site for a high class of buildings, and was for sale. At the time of the cutting the lot was temporarily in use as a place for mixing tar and gravel for concrete walks." And in another place it says that "said tree as an ornamental shade tree added at least that amount ($150) to the value of the lot, for any purposes in connection with which an ornamental shade tree was desirable." It is apparent from this, in our judgment, that the court included in its estimate of damages the element of damage to the value of the lot, which the plaintiff would have sustained had the same been sold for building purposes or put to some other use than that to which it was in fact put. It is indisputable that this lot was used at the time as a place for mixing tar and gravel and that its value as such has not been injured; but the mind of the court was so impressed by the fact that the lot was a salable one and stood in that portion of the city occupied principally by residences, that he awarded damages based upon the value had the same been sold for a residence. If we are right in this we submit that the judgment of the court was erroneous in that it awarded remote or speculative damages. 1 Sutherland on Dam., 726; *Tallman* v. *Metro. Elevated R. R. Co.*, 121 N. York, 124; *Bixby* v. *Dunlop*, 5 N. Hamp., 456; *Fay* v. *Parker*, 53 id., 342; *Welch* v. *Ware*, 32 Mich., 77, 84.

*N. R. Hart* and *J. E. Keeler*, for the appellees.

LOOMIS, J. This is a complaint to recover damages for the unlawful cutting of a tree standing on the plaintiffs' land and of the alleged value of one hundred and fifty dollars. The defendant suffered a default, and upon a hearing in damages the court found the facts as follows, in addition to those admitted by the default:

" The elm tree in question stood in the outer edge of the sidewalk, in front of the lot described in the first paragraph of the complaint, and was, at the time of the cutting, about

thirty years old, with a trunk seventeen inches in diameter three feet from the ground, and had a top of handsome and symmetrical proportions and shape. As an ornamental shade tree (for which purpose it had been planted by the ancestor of the plaintiffs, and was by them cared for and valued) it was worth one hundred and fifty dollars, and added at least that amount to the value of the lot for any purpose in connection with which an ornamental shade tree was desirable. It stood in plain view from the residence of certain of the plaintiffs, and from other improved property of theirs near by.

" The lot, in front of which the tree stood, was at the time of the cutting inclosed by a high board fence, and not occupied by any building, but is centrally located in the borough of Stamford, in a residential portion thereof, and was and is available and valuable as a site for a high class of buildings, and was for sale.

" At the time of the cutting the lot was temporarily in use as a place for mixing tar and gravel for concrete walks. No evidence was offered by the plaintiffs to show that by reason of the cutting of the tree they had lost the sale of the property, or that any offer had ever been made for the purchase, or that the property had been injured as a place for mixing tar and gravel, or otherwise injured than by the cutting of the tree.

" The cutting of the tree was without permission from any of the plaintiffs, and was entirely without legal justification ; but was done in good faith by the agents of the defendant, under a mistaken belief that they had permission so to do.

" The cutting, which consisted in removing the entire top of the tree, destroyed it as an ornamental or shade tree ; but did not injure its value, to any material extent, for timber or fire-wood merely. The tree is still alive.

" The defendant claimed that, upon the evidence, the rule of damages by which its liability should be measured was the value of the tree for timber or fire-wood, which I find did not exceed $5.

" The court overruled this claim, and awarded the plaintiffs

$150 damages, as a reasonable compensation to them for the loss of the tree as an ornamental shade tree."

The defendant's contention is, that the court failed to apply to the above facts the proper rule of damages. The result depends, not upon the question what the abstract rule of law is, for that is well settled, but upon the true construction of the finding as to the rule which the court adopted.

The defendant in the first three assignments of error variously construes the finding as showing that the assessed damages included the sentimental value of the tree, or the value attached to it by the plaintiffs because it stood in plain view from their places of residence, or because it had been planted and cared for by an ancestor.

It seems to us that there is no adequate foundation for any such construction and that it is opposed to the explicit statement of the trial judge, who, after describing the tree and giving its size, situation and form, says:—"As an ornamental shade tree (for which purpose it had been planted by the ancestor of the plaintiffs and was by them cared for and valued) *it was worth one hundred and fifty dollars, and added at least that amount to the value of the lot,* for any purpose in connection with which an ornamental shade tree was desirable;" and then, at the conclusion, he said:—"The court overruled this claim" (that is, the claim that the rule of damages was the value of the tree for timber or fire-wood) "and awarded the plaintiffs one hundred and fifty dollars damages, as a reasonable compensation to them for the loss of the tree as an ornamental shade tree." So far from making the amount of damages depend on the peculiar or sentimental value of the tree to the plaintiffs, it is made to depend on facts which address themselves to other persons, that is, to ordinary purchasers of land for investment merely—the substance of the finding being that the lot was worth more in the market as a lot for sale with such a tree in front of it, than without it, by the sum of one hundred and fifty dollars.

The force of this part of the finding is not essentially impaired by the few expressions in the finding referred to in behalf of the defendant as having a sentimental import.

The reference to the ancestor as having planted and cared for the tree, and its situation with reference to the plaintiffs' residence, may have been intended by the court merely to characterize the tree as an ornamental shade tree and to emphasize that fact.

But all this is necessarily matter of supposition, and it is immaterial; for whatever may have been the purpose of introducing these facts, they came in without any objection. The court was neither asked to reject the evidence nor to determine its legal effect, and under these circumstances there is no presumption that the court made any improper use of these facts; and the finding shows on the contrary that the damages were based on the reduced pecuniary value of the lot occasioned by the act complained of.

Was this the correct rule, or should the court have given only the trifling value of the tree for fire-wood? The answer to this question will dispose of the remaining assignments of error. There is practically no difference between the parties as to the abstract rule. Both agree that for wrongs inadvertently done the plaintiff has a right to recover only the damage proved to have been suffered, but they differ in the mode of applying the rule.

To make a just application of the rule, it will not do to restrict the inquiry to the cutting of the tree, for the action is for a trespass to the land to which the tree was appurtenant, and not simply to the tree. There are of course cases where the value of the tree would cover the entire damage. It may have no important relation to the property upon which it is growing, and be of no use except for firewood. But an ornamental shade tree upon land available for dwelling houses has a very different relation to the land and may give it a special value.

The citation made by counsel for the defendant from 3 Sutherland on Damages, page 373, points out clearly the true distinction to be observed. " If the wrong consists in the destruction or removal of some addition, fixture or part of the premises, the loss may be estimated upon the diminution of the value of the premises, if any results; or upon the part

severed, considered either as part of the premises or detached; and that valuation should be adopted which will be most beneficial to the injured party; for he was entitled to the benefit of the premises intact, and to the value of any part separated."

The importance of such a distinction is most forcibly presented in the case of *Van Deusen* v. *Young*, 20 Barb., 19, by HOGEBOOM, J., who, in delivering the opinion of the court, said:—"Surely the damage would not be in all cases accurately measured by the market value of the wood or timber when cut. The trees might be a highly valuable appendage to the farm for the purpose of shade or ornament; or for other reasons they might have a special value as connected with the farm, altogether independent of and superior to their intrinsic value for purposes of building or fuel. As well might you remove the columns which supported the roof or some part of the superstructure of a splendid mansion, and limit the owner in damages to the value of these columns as timber or cord-wood, as to adopt the parallel rule in this case."

These distinctions were faithfully observed and properly applied by the court in the case at bar. The damage to the land is found much greater than the mere value of the tree for firewood, and the court adopted the valuation most beneficial to the plaintiff. Why then should there be any further contention upon the subject?

One argument to avoid this result is thus stated by the counsel for the defendant in their brief, when they say that, "the court having specially found that no evidence was offered by the plaintiff to show that by reason of the cutting of the tree the property had been otherwise injured than by the cutting of the tree, the amount of injury proved to have been done to the tree itself should be the measure of damages." In thus quoting the finding a serious mistake has been made, upon which the whole force of the argument depends. The court did not find that the property had not been otherwise injured than by the cutting of the tree, but that it had not been injured "as a place for mixing tar and gravel." Of course it had not been injured for that purpose,

and we could easily suppose hundreds of temporary uses in regard to which the cutting of the tree would have no effect. It must be borne in mind that the court expressly finds that this use of the lot for mixing tar and gravel for concrete walks was temporary. The argument, therefore, is both unsound and unjust, in that it attempts permanently to disparage and fix the character of the lot as one to which a shade tree could be of no possible use or value, because the passing temporary use did not require it. The determining factor in such a case can never be the mere temporary use, but rather the real purpose for which the land is available and valuable; and the court expressly finds, presumably upon competent testimony, that the lot in question was "available and valuable as a site for a high class of buildings."

A further contention on the part of the defendant is, that the court erred in assessing remote and speculative damages, that is, that the damages awarded were based upon the value had the lot been sold. We think there was nothing future or contingent about the assessment at all. The damage found was a present one—the immediate effect of the wrongful act, that is, the reduced value of the lot in consequence. The loss does not depend at all on the property being sold. The plaintiffs were in effect deprived of so much property as the premises were reduced in value. Whether sold or kept, the loss was the same. The principle and mode of assessment in this case is substantially identical with that which obtains in all actions for injury to property, where the rule of damages is the injury actually sustained, as in some actions for nuisance and waste; and the same is true also of many actions founded on contract, as in actions on policies of insurance where buildings are partially destroyed, or actions for false warranty.

Witnesses might perhaps differ more widely in judgment as to the pecuniary value of an ornamental shade tree to a building lot than in some other cases, yet, in contemplation of law, it would be capable of being placed on a cash basis. The damages could not be ascertained any better after an

actual sale than before, for the question how much more could have been obtained for the premises in their uninjured state would be still a matter of mere estimation.

We think there is ample authority to sustain the ruling of the court.  *Harder* v. *Harder*, 26 Barb., 409; *Van Deusen* v. *Young*, 29 id., 9; *Whitbeck* v. *N. York Central R. R. Co.*, 36 id., 644; *Nixon* v. *Stillwell*, 52 Hun, 353; *Wallace* v. *Goodall*, 18 N. Hamp., 456; *Foote* v. *Merrill*, 54 id., 490; *Achey* v. *Hull*, 7 Mich., 423; *Chipman* v. *Hibbard*, 6 Cal., 162; *Ensley* v. *Mayor &c. of Nashville*, 2 Baxter, 144; *Kolb* v. *Bankhead*, 18 Texas, 228; 3 Sutherland on damages, 374; 2 Waterman on Trespass, § 1101.

There is no error in the judgment complained of.

In this opinion the other judges concurred.