CARRIE E. ELDRIDGE ET AL. *vs.* PATRICK GORMAN.

First Judicial District, Hartford, March Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Special damages are those which do not necessarily result from the defendant's alleged wrongful act.

Unless such damages have been specifically alleged or claimed in the complaint, evidence thereof is inadmissible.

In an action in the nature of trespass to recover damages for wrongfully cutting and carrying away a large number of trees upon a sixty-acre tract of woodland, the plaintiff is not entitled to have his damages estimated upon the basis of the reduced pecuniary value of the land for building purposes, caused by any peculiar value which the trees may have had for purposes of shade or ornament, unless such special damage, or the facts from which such damage necessarily results, are alleged in the complaint ; in the absence of such allegations the measure of damage is the market value of the trees for timber or fuel.

In the present case one paragraph of the complaint alleged that a number of large and valuable oak trees still remained on the land, which the defendant threatened to cut and remove ; that said land had recently been laid out and opened for building lots, and that said oak trees were of great value as shade trees, and if removed would cause irreparable damage. *Held* that these averments did not relate to the trees already cut and removed, and for which damages were sought, but were evidently inserted as the basis of the prayer for an injunction against further cutting.

Argued March 7th—decided April 20th, 1905.

ACTION to recover damages for wrongfully cutting oak and chestnut trees on the land of the plaintiff, and for an

injunction against any further cutting, brought to and tried by the Court of Common Pleas in Hartford County, *Peck, J. ;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant.   *Error and cause remanded.*

*Joseph L. Barbour* and *Harry M. Burke,* for the appellant (defendant).

*Herbert O. Bowers,* for the appellees (plaintiffs).

HALL, J.   The complaint, dated April 6th, 1901, as amended, alleges that on October 1st, 1898, the plaintiffs were the owners of a described tract of land in the town of Manchester containing sixty acres more or less, upon which was growing a large amount of pine, chestnut, and oak trees ; that a portion of the pine trees were on said day sold to the defendant, with authority to enter upon said land and cut and remove them ; that on said day and on divers days since, the defendant, without authority, entered upon said land and cut down four hundred of said chestnut and oak trees, and carried a part of them away.

Paragraph 4 is as follows : " A number of large and valuable oak trees still remain standing on said land, which the defendant threatens to cut and remove from said land.   Said land has recently been laid out and opened for building lots, and said oak trees are of great value as shade trees, and if removed would cause irreparable damage to the plaintiffs."

It is alleged that the plaintiffs have already been damaged to the extent of $800, and an injunction and $1,000 damages are demanded.

In the fall of 1898 and thereafter the defendant, under the claim that he had bought from the plaintiffs all the wood then standing upon said tract, entered thereon and cut nearly all the pine trees, and also more than two hundred oak trees above seven inches in diameter, and more than one hundred chestnut trees above seven inches in diameter.   The land from which said trees were cut was

Eldridge *v.* Gorman.

rough and unimproved land, but was laid out for building purposes in 1902.

Upon the trial the court admitted evidence of the value of said oak and chestnut trees as timber, and of the damage to the land for building purposes by the removal of the trees, and found the damage done to the land by the cutting of the trees to be $300, and overruled the defendant's claim that under the allegations of the complaint the value of the oak and chestnut trees, as shade trees upon building lots, could not be considered as an element of damage, but only their value as timber, and rendered judgment for said sum.

This is an action for a trespass to the land to which the trees in question were appurtenant. It is an appropriate remedy either for the recovery of damages for the mere unlawful entry upon the plaintiff's land; for the recovery of the value of the trees removed, considered separately from the land; or for the recovery of damages to the land resulting from the special value of the trees as shade or ornamental trees while standing on the land. For a mere unlawful entry upon land nominal damages only would be awarded. If the purpose of the action is only to recover the value of the trees as chattels, after severance from the soil, the rule of damages is the market value of the trees for timber or fuel. For the injury resulting to the land from the destruction of trees which, as a part of the land, have a peculiar value as shade or ornamental trees, a different rule of damages obtains, namely, the reduction in the pecuniary value of the land occasioned by the act complained of. *Hoyt* v. *Southern New England Telephone Co.*, 60 Conn. 385, 390.

Manifestly the judgment of the trial court was not based upon the value of the trees as timber, but was for "the damage done to the land." It was for the damages resulting from the reduced pecuniary value of the land for building purposes, caused by the special value of the trees as shade or ornamental trees while standing upon this land. Such injury was undoubtedly a legitimate element of damage if properly alleged in the complaint. All damage

.of which the injurious act was the efficient cause, and for which a recovery could be had in any form of action, could be recovered in such action of trespass. *Barnum* v. *Vandusen,* 16 Conn. 200, 204. But if the damages upon which the judgment is thus based are special, they should have been particularly specified in the complaint; and whether we regard the averment of the cutting down and carrying away of the four hundred trees as a statement of the real cause of action, as it seems to be, or as a circumstance characterizing the trespass and merely a matter of aggravation, there seems to be no good reason why this case should be an exception to the settled rule in this State requiring the plaintiff to distinctly aver in his complaint any special damage which he seeks to recover.

In *Bristol Mfg. Co.* v. *Gridley,* 28 Conn. 201, 212, this court said : " But if certain injuries and losses do not necessarily result from the defendant's wrongful act, but in fact follow it as a natural and proximate consequence, they are called *special,* and must be specially alleged."

In *Tomlinson* v. *Derby,* 43 Conn. 562, it is said that in this State " we still adhere closely to the technical rule of the common law, that where the damages from an act complained of are special, the matter must be distinctly averred in the declaration in order to apprise the defendant of the nature of the claim."

In *Taylor* v. *Keeler,* 50 Conn. 346, 349, it is said that " the plaintiff must, in his declaration, give the defendant fair notice of what he claims, and in an action for consequential damages must state the consequences which he claims to have resulted from the wrongful act charged." In that case, the plaintiff having alleged that he was the owner of a tract of land containing eighteen acres, with a grist-mill thereon, carried by a stream of water, and that the defendant, by building a dam below, had caused the water of the stream to flow back " on the said land and against the wheel of the mill," depriving the plaintiff of the profits of the mill, it was held that having failed to prove that the water set back far enough to affect the working of the

grist-mill wheel, he could not recover for the damage to his land for the wrongful setting back of the water, because, from the allegations of the complaint, the defendant was not notified that such a claim of damages was to be made.

Among the cases in which this court has recognized the rule above stated, as laid down in *Tomlinson* v. *Derby*, 43 Conn. 562, are *Taylor* v. *Monroe*, ibid. 36, 46 ; *Seymour* v. *Ives*, 46 id. 109, 113 ; *Brzezinski* v. *Tierney*, 60 id. 55, 61 ; *Crug* v. *Gorham*, 74 id. 541, 544 ; *Ling* v. *Malcom*, 77 id. 517, 527.

In the case of *Hoyt* v. *Southern New England Telephone Co.*, 60 Conn. 385, 390, the plaintiff recovered $150 as the amount of the reduction of the pecuniary value of his lot caused by the destruction of an ornamental shade tree. There was no averment in the complaint of such special value of the tree other than that it was "worth $150." This was treated as an averment of the value of the tree while standing upon the land, as an averment that it added that amount to the value of the land. No claim was made that the damage recovered was not specifically alleged in the complaint. In speaking of the right of the plaintiff to recover such damage the court said : "There are of course cases where the value of the tree would cover the entire damage. It may have no important relation to the property upon which it is growing, and be of no use except for firewood. But an ornamental shade tree upon land available for dwelling-houses has a very different relation to the land and may give it a special value " ; and—quoting from the opinion in *Van Deusen* v. *Young*, 29 Barb. (N. Y.) 9, 19—" surely the damage would not be in all cases accurately measured by the market value of the wood or timber when cut. The trees might be a highly valuable appendage to the farm, for the purposes of shade or ornament; . . . . or for other reasons they might have a special value as connected with the farm, altogether independent of, and superior to, their intrinsic value for the purposes of building or fuel."

But it does not appear from the complaint in the present

case that the trees cut by the defendant bore such a very different relation to the land described as gave them a special, independent and superior value to their intrinsic value for the purposes of building or fuel. From the act complained of, namely, the cutting and carrying away, in part, of four hundred trees from a sixty-acre tract of land, it does not necessarily follow that the owner has suffered that damage, in a reduced value of his land, which would result from the cutting of ornamental shade trees upon building lots. It may be that the facts are such that the plaintiffs have necessarily suffered such a loss from the defendant's act, but such damage is neither expressly alleged or claimed, nor are the facts showing such damage stated in the complaint. The test whether the particular damage claimed should have been specifically alleged, is not whether it necessarily followed from the facts proved, but whether it necessarily followed from the facts as they are alleged in the complaint. *Taylor* v. *Monroe*, 43 Conn. 36. The trees are not described in the complaint as shade trees, nor as of sufficient size for that purpose, nor are they alleged to be of any value. The land is not alleged to be available for building purposes, nor is it averred that its value has been diminished, nor that the land itself has in any way been injured by the removal of the trees. The fair import of the language of the complaint is nothing more than that the defendant has wrongfully cut a large number of trees suitable for timber or fuel upon a large tract of unimproved woodland belonging to the plaintiffs, and that the plaintiffs have suffered as a loss therefrom the intrinsic value of the trees as timber or fuel. One might reasonably suppose that the cutting of the trees from the land as described was a benefit rather than an injury to the land itself.

It is said that the special damage arising from the cutting of these trees, as shade trees, upon land available for building purposes, is alleged in paragraph 4 of the complaint. The facts stated in that paragraph are evidently alleged as the basis of the prayer for an injunction. The trees there described as " large and valuable oak trees," and as " of

great value as shade trees " upon the land "recently . . . . laid out and opened for building lots," are not the trees cut by the defendant, but those which remain standing upon the land so laid out and opened. If it were proper to draw any inference, from the allegations of this paragraph, as to the character of the trees alleged to have been cut by the defendant, it would be rather that the latter were not of the kind described in paragraph 4.

From the allegations of the complaint, and the absence of any averment showing that the trees cut were ornamental or shade trees, and of any allegation of value of the trees, and of any allegation that the land from which the trees were cut was available for building purposes, and of any claim in the complaint for damage for the destruction of shade trees, the damage for which the judgment was rendered was not sufficiently specified in the complaint, and the trial court erred in overruling the defendant's claim that under the allegations of the complaint such damage could not be considered.

There is error and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.