CANTON VILLAGE CONSTRUCTION, INC.
*v.* KEVIN HUNTINGTON
(4405)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 6—decision released July 15, 1986

*Mark E. Lowell,* for the appellant (plaintiff).

*James T. Flaherty,* for the appellee (defendant).

HULL, J. The dispositive issues in this case concern the measure of damages for the negligent destruction of a beech tree and the adequacy of the evidence concerning such damages. The plaintiff brought a collection action against the defendant seeking some $5900 for excavation and related services it performed at the defendant's residential construction site. The defendant counterclaimed alleging, in part, that the plaintiff had negligently destroyed a beech tree in the process of excavating a driveway. Pursuant to a factfinder's findings, the trial court rendered judgment for the plaintiff in the amount of $3065.44 on its complaint and for the defendant on his counterclaim in the amount of $5090. The plaintiff appeals from the judgment rendered in the defendant's favor on the counterclaim.

The plaintiff objected to the factfinder's report asserting that he had not stated the underlying facts on which he based his finding that the tree had a value of $5090. This objection was upheld and the case was remanded to the factfinder on this issue. On remand, the factfinder filed a supplemental finding of facts including the following information: (1) that the defendant's witness, Oscar Stone, had worked as a horticultural consultant for two or three decades; (2) that he is a licensed arborist; (3) that based upon his observations and the use of a recognized formula, Stone was able fairly to approximate the value to particular real estate of trees of different kinds and sizes, predicated essentially on the aesthetic or environmental contri-

bution of the tree to the property; (4) that the value of the underlying real property is not a significant element in determining the value of a tree on the real property; and (5) that Stone concluded that the tree contributed $5090 to the value of the land. The plaintiff objected to the acceptance of the supplemental finding of facts claiming that the finding of damages was invalid because an incorrect measure of damages was used and because the aesthetic and environmental value of the tree was not pleaded by the defendant in his counterclaim. This objection was overruled by the court.

The plaintiff now claims three grounds of error as follows: (1) that the court erred by failing to apply the appropriate measure of damages for destruction of the beech tree; (2) that the trial court erred by awarding any damages because there was an inadequate basis from which to measure them; and (3) the trial court erred by awarding damages based on the ornamental or aesthetic qualities of the tree because such damages were not specially pleaded.

The plaintiff's third claim of error is without merit. We conclude that the counterclaim, taking the facts it alleged favorably to the pleader, and viewing it in a broad fashion including the facts necessarily implied and fairly provable under it, sufficiently put the plaintiff on notice that the ornamental and aesthetic value of the tree would be claimed as damages. See *Schmidt* v. *Yardney Electric Corporation,* 4 Conn. App. 69, 74, 492 A.2d 512 (1985). Accordingly, the trial court did not err in considering the tree's ornamental or aesthetic qualities.

We consider the first and second grounds of error together. There are three possible measures of damages for loss of a tree in Connecticut. The distinctions between the measures are clearly stated in *Maldonado* v. *Connecticut Light & Power Co.,* 31 Conn. Sup. 536,

537–38, 328 A.2d 120 (1974): "Our Supreme Court has clearly stated our rule applicable in this type of situation as follows: 'This is an action for a trespass to the land to which the trees in question were appurtenant. It is an appropriate remedy either for the recovery of damages for the mere unlawful entry upon the plaintiff's land; for the recovery of the value of the trees removed, considered separately from the land; or for the recovery of damages to the land resulting from the special value of the trees as shade or ornamental trees while standing on the land. For a mere unlawful entry upon land nominal damages only would be awarded. If the purpose of the action is only to recover the value of the trees as chattels, after severance from the soil, the rule of damages is the market value of the trees for timber or fuel. For the injury resulting to the land from the destruction of trees which, as a part of the land, have a peculiar value as shade or ornamental trees, a different rule of damages obtains, namely, the reduction in the pecuniary value of the land occasioned by the act complained of. *Hoyt* v. *Southern New England Telephone Co.*, 60 Conn. 385, 390 [22 A. 957 (1891)].' *Eldridge* v. *Gorman*, 77 Conn. 699, 701 [60 A. 643 (1905)]. This is the common-law rule. Under the facts as disclosed by this record, the proper measure of damages is either the market value of the tree, once it is severed from the soil, or the diminution in the market value of the plaintiffs' real property caused by the cutting. *Eldridge* v. *Gorman*, supra."

The plaintiff claims that the trial court erred by awarding damages based on the diminution of the market value of the defendant's land because there was insufficient evidence as to that diminution. The defendant concedes that Stone, who provided the evidence of value, was not a real estate expert but rather was an "expert in the appraisal of trees and the *value which trees add to a piece of real estate.*" (Emphasis added.)

Indeed, Stone testified clearly that he was not even aware of or concerned with the value of real estate but was a "horticultural appraiser." The defendant argues, however, that Stone's appraisal depended on the value which a tree of the size and species of the defendant's tree could add to the defendant's property and, *therefore, also the value the site lost when the tree was destroyed.* For this court to follow the circular reasoning urged by the defendant would constitute an end run around the long established rule set forth in *Maldonado* v. *Connecticut Light & Power Co.,* supra, that "the proper measure of damages is . . . the diminution in the market value of the . . . real property caused by the cutting." Id., 538.

The factfinder had no competent evidence of market values in the area and the effect of the destruction of the tree on the market value of the defendant's property. Accordingly, he clearly applied an improper measure of damages, and the judgment cannot stand.

There is error in part, the judgment is affirmed except as to the amount of damages awarded on the counterclaim and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.