[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF DECISION
In response to the Plaintiff's Motion for Articulation, the Court articulates its decision as follows:
In an award of damages under § 52-560 of the general statutes, the measure of damages is based on the value of the trees removed or the diminution in the value of the real estate resulting from the cutting. Maldonado v. Connecticut Light and Power Co.;31 Conn. Sup. 536, 540 (1974); Canton Village Construction, Inc. v.Huntington, 8 Conn. App. 144, 147 (1986); Genua v. NortheastUtilities, No. CV 89-43421, Tolland J.D. (June 11, 1993, Sferrazza, J.).
Section 52-560 authorizes alternative methods of evaluating compensatory damages for the wrongful cutting of trees, timber or shrubbery. The plaintiff is not entitled to both — which would result in damages beyond compensatory.
In this case the Court finds the detailed and specific testimony of Daniel Donahue to be more precise than the estimated diminution in value proffered by the plaintiff's real estate appraiser, A. Pete Dallaire, thereby assessing damages in the sum of $19,175.42.
Klaczak, J.
MEMORANDUM OF DECISION(RE: MOTION FOR EXTENSION OF TIME)
The plaintiff's motion for extension of time to file a cross appeal is denied. CT Page 5320
Cross appeals must be filed within ten days of the filing of the original appeal. Practice Book § 4005. In this case the original appeal was filed on April 22, 1994.
Practice Book § 4040(c)(4) provides that "no motion under this rule shall be granted unless it is filed before the time for filing the appeal or subsequent paper has expired."
The motion for extension of time in this case was dated May 6, 1994 and filed on or after that date, thus it is not timely filed.
Klaczak, J.