# EILEEN STANLEY *v.* FLYNT C. LINCOLN ET AL.
## (AC 22485)

Lavery, C. J., and Mihalakos and Dupont, Js.

Argued November 19, 2002—officially released April 1, 2003

*Bruce D. Tyler*, for the appellant (plaintiff).

*Richard C. Mahoney*, with whom, on the brief, were *Michael E. Riley* and *Shannon K. McCarthy*, for the appellees (named defendant et al.).

*Opinion*

LAVERY, C. J. In this action to recover damages for unlawful cutting of trees and shrubs by the defendants, Flynt C. Lincoln, Lauree A. Lincoln and John C. Burson, the plaintiff, Eileen Stanley, appeals from the judgment of the trial court, rendered after a jury trial, awarding a sum of $210 to the plaintiff. On appeal, the plaintiff claims that the court improperly (1) precluded testimony regarding (a) damage to her property's environment, and (b) the replacement value of the trees and shrubs that were destroyed, and (2) treated her claim for treble damages pursuant to General Statutes § 52-560 as an election to abandon her claim for environmental damages. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The plaintiff owns property at 548 Hall Hill Road in Somers. The Lincolns own neighboring property at 534 Hall Hill Road. In 1999, the Lincolns hired Burson, a land clearing contractor doing business as Rocky Mountain Wood Company, to cut and to carry away certain trees, timber and shrubbery located on a portion of the plaintiff's property. Burson cleared the plaintiff's property as instructed.

Thereafter, the plaintiff commenced this action against the Lincolns and Burson, alleging that she did

not authorize them to clear her land, and that their actions destroyed her property's natural environment and had an adverse impact on its plant and wildlife. The plaintiff further alleged that the defendants "acted intentionally and with reckless disregard for the effect their acts" would have on her property. The plaintiff sought, inter alia, treble damages pursuant to § 52-560,[1] attorney's fees and punitive damages relating to the landscape and environmental damage to her property. Burson filed a cross complaint against the Lincolns, alleging that the Lincolns were negligent because they informed him that they had the plaintiff's permission to clear her land, and that they knew or should have known that she had not granted such permission.

On April 26, 2000, the plaintiff filed an application for a prejudgment remedy, which the court denied on October 10, 2000, after an evidentiary hearing. On October 23, 2001, prior to jury selection, the defendants filed a motion to preclude any testimony regarding claims of diminution in the value of the plaintiff's property, and any testimony regarding the replacement value of the trees and shrubs that the plaintiff claimed were severed from her land. At the hearing on the motion, the defendants argued, inter alia, that the proper measure of damages in tree cutting cases is either the market value of the trees after they are removed from the soil or the diminution in the market value of the subject property after the trees have been severed. The defendants

---

[1] General Statutes § 52-560 provides: "Any person who cuts, destroys or carries away any trees, timber or shrubbery, standing or lying on the land of another or on public land, without license of the owner, and any person who aids therein, shall pay to the party injured five times the reasonable value of any tree intended for sale or use as a Christmas tree and three times the reasonable value of any other tree, timber or shrubbery; but, when the court is satisfied that the defendant was guilty through mistake and believed that the tree, timber or shrubbery was growing on his land, or on the land of the person for whom he cut the tree, timber or shrubbery, it shall render judgment for no more than its reasonable value."

asserted that because the plaintiff's attorney conceded that the plaintiff was not claiming diminution in the value of her property, only testimony pertaining to the value of the trees after they were severed from her land should be admitted into evidence. The plaintiff sought to introduce evidence concerning the replacement value of the trees, rather than their value after severance. On October 25, 2001, the court granted the defendants' motion.[2]

On October 26, 2001, after a trial, the jury rendered a verdict in the plaintiff's favor as against all defendants and awarded her $70 in damages. The court awarded the plaintiff an additional $140 to treble damages pursuant to § 52-560. With regard to the cross complaint, the jury rendered a verdict in Burson's favor as against the Lincolns. This appeal followed.

I

The plaintiff claims that the court improperly precluded testimony regarding (1) damage to her property's environment, and (2) the replacement value of the trees and shrubs that were destroyed. We disagree.

A

The plaintiff first claims that the court improperly precluded testimony regarding damage to her property's environment. Specifically, she claims that "[h]ad the court allowed testimony regarding the damages to the environment, the jury may have awarded at least nominal damages for the environmental damage and thereby also allowed for attorney's fees." We are not persuaded.

---

[2] The court's order stated: "Evidence and testimony regarding replacement value of the trees, damage to the property, diminution in value of the property and attorney's fees are precluded. Damages are limited to cut wood, timber or fuel."

We begin by setting forth the appropriate standard of review. "We review evidentiary claims pursuant to an abuse of discretion standard. Generally, [t]rial courts have wide discretion with regard to evidentiary issues and their rulings will be reversed only if there has been an abuse of discretion or a manifest injustice appears to have occurred. . . . Every reasonable presumption will be made in favor of upholding the trial court's ruling, and it will be overturned only for a manifest abuse of discretion." (Internal quotation marks omitted.) *State* v. *Pereira*, 72 Conn. App. 107, 117, 806 A.2d 51 (2002), cert. denied, 262 Conn. 931, 815 A.2d 135 (2003).

"There are three possible measures of damages for loss of a tree in Connecticut. The distinctions between the measures are clearly stated in *Maldonado* v. *Connecticut Light & Power Co.*, 31 Conn. Sup. 536, 537–38, 328 A.2d 120 (1974): 'Our Supreme Court has clearly stated our rule applicable in this type of situation as follows: This is an action for a trespass to the land to which the trees in question were appurtenant. It is an appropriate remedy either for the recovery of damages for the mere unlawful entry upon the plaintiff's land; for the recovery of the value of the trees removed, considered separately from the land; or for the recovery of damages to the land resulting from the special value of the trees as shade or ornamental trees while standing on the land. For a mere unlawful entry upon land nominal damages only would be awarded. If the purpose of the action is only to recover the value of the trees as chattels, after severance from the soil, the rule of damages is the market value of the trees for timber or fuel. For the injury resulting to the land from the destruction of trees which, as a part of the land, have a peculiar value as shade or ornamental trees, a different rule of damages obtains, namely, the reduction in the pecuniary value of the land occasioned by the act complained of. *Hoyt* v. *Southern New England Tele-*

*phone Co.*, 60 Conn. 385, 390 [22 A. 957 (1891)]. *Eldridge v. Gorman*, 77 Conn. 699, 701 [60 A. 643 (1905)].' This is the common-law rule." *Canton Village Construction, Inc. v. Huntington*, 8 Conn. App. 144, 146–47, 510 A.2d 1377 (1986).

"This common-law rule has been embodied in § 52-560 . . . ." *Maldonado v. Connecticut Light & Power Co.*, supra, 31 Conn. Sup. 538. That statute "does not give a new and independent cause of action, but prescribes the measure of damages in cases where compensatory damages would, in the absence of the statute, be recoverable." (Internal quotation marks omitted.) *Koennicke v. Maiorano*, 43 Conn. App. 1, 29, 682 A.2d 1046 (1996).

In the present case, the factual allegations in both counts of the plaintiff's complaint effectively mirror, in pertinent part, the language in § 52-560.[3] Moreover, in

---

[3] Count one of the plaintiff's complaint states in relevant part: "1. At all times hereinafter mentioned, the plaintiff was the owner of the piece of land situated in the town of Somers and located at 548 Hall Hill Road . . . .

"2. At various times during the spring and summer of 1999, *without license from the plaintiff owner*, and without the plaintiff's knowledge, the defendants, Flynt C. Lincoln and Lauree A. Lincoln, gave instructions to John C. Burson, doing business as 'Rocky Mountain Wood Co.' . . . *to cut, destroy, and carry away trees, timber and shrubbery standing on a portion of the land of the plaintiff* . . . .

"3. On the instruction of the defendants . . . Rocky Mountain did *cut, destroy, and carry away trees, timber and shrubbery standing on the Property.*

"4. The defendants *knew, or should have known that the trees, timber, and shrubbery were not located on their land, but on the Property of the plaintiff.*

"5. As a consequence of the aforesaid acts, the defendants destroyed the natural environment of the Property and caused a substantial and adverse impact on the plant and wildlife located on the Property.

"6. As a consequence of the aforesaid acts, a blight was created on the Property." (Emphasis added.)

Count two incorporates by reference those same factual allegations and adds a seventh allegation that states: "The defendants acted intentionally and with reckless disregard for the effect their acts would have on the Property's environment and landscape."

her prayer for relief, the plaintiff specifically requested, inter alia, "[t]reble damages pursuant to . . . § 52-560." The court, therefore, properly determined that the plaintiff sought damages pursuant to § 52-560 for the "reasonable value" of the trees, timber and shrubbery that were destroyed. The proper measure of damages, therefore, is either the market value of the trees, once they are severed from the soil, or the diminution in the market value of the real property caused by the cutting. See *Canton Village Construction, Inc.* v. *Huntington,* supra, 8 Conn. App. 147.

At the evidentiary hearing on the plaintiff's application for a prejudgment remedy, her counsel specifically represented to the court that she was not seeking damages based on the diminution in the market value of the real property.[4] At the hearing on the defendants' motion to preclude testimony, the plaintiff's counsel again represented to the court that the plaintiff was not pursuing that theory of damages.[5] Accordingly, under the facts as disclosed by the record before us, the proper

---

[4] At the evidentiary hearing on the plaintiff's application for a prejudgment remedy, her counsel stated in relevant part: "The main part of the defendants' briefs has to do with a couple of cases and an interpretation of the statutes and the tests thereunder as to valuing property and the methods of valuation. There are a couple. *One is the decrease in the value of the real estate, and that is not the one that we're going under.* The value of the real estate, the plaintiff has since sold the real estate and did, in fact, sell it for more . . . than was paid for it a couple of years ago . . . . The other test is for the value of the damage done and the value of the trees, and that's the measure that we're adopting and following." (Emphasis added.)

[5] At the hearing on the defendants' motion to preclude testimony, the following colloquy took place between the plaintiff's counsel and the court:

"The Court: *But it does amount to a judicial admission that you indicated you weren't seeking diminishment of the value of the property* before and after the alleged tree cutting.

"[Plaintiff's Counsel]: *Right.* And that's one of the measures for damages for trees. . . . That's certainly one—as I recall, that's one of the measures of damages and the other is, as [the court] points out, the decrease in the value of the property overall. *We're not electing to take that route with regard to the diminution and the value of the property.*" (Emphasis added.)

measure of damages was the market value of the trees, once they were severed from the soil. The court, therefore, properly precluded testimony regarding damage to the environment of the plaintiff's property because it was not relevant to the applicable measure of damages.[6]

## B

The plaintiff next claims that the court improperly precluded testimony regarding the replacement value of the trees and shrubs that were destroyed. Specifically, she argues that "by precluding [testimony regarding] replacement value for the trees, the court prevented [her] from offering evidence of the reasonable measure of her damages, which was contrary to [§ 52-560] and contrary to equitable principle[s] of law." We are not persuaded.

The scope of our appellate review depends on the proper characterization of the rulings made by the trial court. Although ordinarily we review evidentiary claims pursuant to an abuse of discretion standard, the plaintiff's claim raises a question of law and, therefore, our review is plenary. See, e.g., *Olson* v. *Accessory Controls & Equipment Corp.*, 254 Conn. 145, 156, 757 A.2d 14 (2000).

As discussed previously, damages recoverable for the unlawful cutting of trees pursuant to § 52-560, and the method for the calculation of those damages, are well established. See *Canton Village Construction, Inc.* v. *Huntington,* supra, 8 Conn. App. 146–47. Although § 52-560 provides that the injured party in a tree cutting case

---

[6] To the extent that the plaintiff claims that she is entitled to punitive damages and attorney's fees, her claim is without merit. In *Koennicke* v. *Maiorano*, supra, 43 Conn. App. 31–32, this court determined that a plaintiff claiming damages pursuant to General Statutes § 52-560 may collect only those damages designated by the statute, but no additional punitive damages or attorney's fees. The ability to provide for such damages under § 52-560 is a matter for the legislature. Id., 32.

is entitled to the "reasonable value" of any tree that was destroyed, the replacement cost of the destroyed trees is not a proper measure of damages under § 52-560. Id.; *Maldonado* v. *Connecticut Light & Power Co.*, supra, 31 Conn. Sup. 539–40.[7]

The plaintiff also argues that the "reasonable value" language in § 52-560 should be construed in accordance with General Statutes § 23-65 (b), which provides in relevant part: "Any person, firm or corporation . . . who removes, prunes, injures or defaces any shrub or ornamental or shade tree, *within the limits of a public way or grounds*, without the legal right or written permission of the town tree warden, the borough tree warden, the city forester, the Commissioner of Transportation, the Department of Public Utility Control or other authority having jurisdiction, shall be fined not more than the *appraised value* of the shrub or tree and shall be liable civilly for damages in any action brought by the property owner or the authority having jurisdiction affected thereby. . . ." (Emphasis added.) She argues that when construed together, the "reasonable value" language in § 52-560 means "appraised value," and, therefore, she is entitled to the replacement cost of the trees and shrubs that were destroyed.

We are not persuaded by the plaintiff's argument because §§ 52-560 and 23-65 are distinct statutes that are designed to apply to different circumstances and provide different remedies. For instance, by its plain language, § 23-65 (b) applies only to "a public way or

---

[7] In *Maldonado* v. *Connecticut Light & Power Co.*, supra, 31 Conn. Sup. 539, the Appellate Division of the Court of Common Pleas stated that replacement value is not a proper measure of damages in tree cutting cases because "[s]uch a measure of damages . . . would lead to unreasonable recoveries in excess of the market value of the land . . . would raise impossible issues in resolving the replacement values of healthy or partially damaged trees . . . [and] cannot be practically applied." We agree with the *Maldonado* court and note that its concerns are equally applicable to the present case, despite the plaintiff's argument to the contrary.

grounds . . . ." Moreover, the "appraised value" language in § 23-65 (b) relates only to the imposition of a fine, and not to the proper measure of damages for the unlawful cutting of trees and shrubs. Indeed, that statute specifically provides that a person who violates its provisions "shall be *fined* not more than the appraised value of the shrub or tree *and shall be liable civilly for damages* . . . ." (Emphasis added.) General Statutes § 23-65 (b).

We conclude, therefore, that the court properly precluded testimony regarding the replacement cost of the trees and shrubs that were destroyed.

## II

The plaintiff also claims that the court improperly treated her claim for treble damages pursuant to § 52-560 as an election to abandon her claim for environmental damages. We disagree.

As discussed previously, the plaintiff, in her complaint, specifically requested treble damages pursuant to § 52-560 for the reasonable value of the trees, timber and shrubbery that were destroyed. In *Koennicke* v. *Maiorano*, supra, 43 Conn. App. 31–32, this court determined that in tree cutting cases, a plaintiff claiming damages pursuant to § 52-560 may collect only those damages designated by the statute, and that " 'other remedies should not readily be implied.' " Id., 32. Moreover, the damages recoverable pursuant to § 52-560, and the method for the calculation of those damages, are well established. See *Canton Village Construction, Inc.* v. *Huntington*, supra, 8 Conn. App. 146–47. The plaintiff, therefore, had no "right" to "elect" a measure of damages outside the statutory scheme set forth in § 52-560.

Because the plaintiff decided not to seek damages based on the diminution in the market value of the real

property, her claim for environmental damages was not relevant to the issue of the proper measure of damages in the case. See id. We conclude, therefore, that the court properly determined that the plaintiff "elected" not to pursue her claim of environmental damage.[8]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] In ruling on the defendants' motion to preclude testimony, the court stated in relevant part: "So, given the judicial admission that was made in this case, given the pleadings that were filed here, I'm ruling that you cannot introduce evidence of . . . damage to the environment because there's no claim that—as to the diminishment of the property, that might have had a bearing if that issue were here. If that issue were not conceded, it's not part of the case, then the diminishment and deterioration of the environment may have had a place in determining what the fair market value of the property would have been and to that extent it would have been admissible, but because that's not an issue in the case, the measure of damages is limited to the value of the trees, timber or shrubbery as cut wood or fuel, and, therefore, I'm not going to allow you to introduce evidence in that regard."