In early August, 1969, the defendant, which was engaged in tree trimming operations to protect its wires, received permission from residents at 62 Woodland Street, New Britain, to cut down a maple tree, thirty-two inches in diameter, in the front yard of the premises. The plaintiffs purchased the property on August 26, 1969, the defendant having no knowledge that the property had been purchased by these plaintiffs. On October 24, 1969, a subcontractor engaged by the defendant cut down the large maple tree, permission so to do being assumed. *Page 537 
The sole issue on this appeal is whether the trial court was in error (1) as to the proper rule of damages when it permitted evidence before the jury pertaining to the cost of replacing the tree with one of a similar kind and size and planted at the same location, and (2) in charging the jury that they could consider the replacement cost of the tree as a proper measure of damages to be awarded the plaintiffs.
There is little dispute as to the facts. The defendant engaged a subcontractor to trim or cut trees for the protection of its overhead wires where it assumed it had received permission from the owners and adjoining property owners. The subcontractor cut down the maple tree on the plaintiffs' property. There was conflicting evidence as to the health of the tree at the time of the cutting.
During the trial the court, over objection of the defendant, admitted evidence by a landscaper as to the cost of replacing the tree with a tree of similar size, at the same location; the landscaper stated that it would require $11,000. On cross-examination, the witness admitted the replacement could be done at a cost of $4500 to $5500 without a guarantee as to results. No evidence was offered by the plaintiffs as to market value of the tree as lumber or firewood or as to the effect of its loss on the market value of the real estate.
The court was in error in admitting the evidence in question and in charging the jury that replacement cost was a proper element of damages. The jury, in awarding damages of $3000, used and accepted the court's charge and awarded damages for replacement cost, as reasonable value, and this was error.
Our Supreme Court has clearly stated our rule applicable in this type of situation as follows: "This *Page 538 
is an action for a trespass to the land to which the trees in question were appurtenant. It is an appropriate remedy either for the recovery of damages for the mere unlawful entry upon the plaintiff's land; for the recovery of the value of the trees removed, considered separately from the land; or for the recovery of damages to the land resulting from the special value of the trees as shade or ornamental trees while standing on the land. For a mere unlawful entry upon land nominal damages only would be awarded. If the purpose of the action is only to recover the value of the trees as chattels, after severance from the soil, the rule of damages is the market value of the trees for timber or fuel. For the injury resulting to the land from the destruction of trees which, as a part of the land, have a peculiar value as shade or ornamental trees, a different rule of damages obtains, namely, the reduction in the pecuniary value of the land occasioned by the act complained of. Hoyt v. SouthernNew England Telephone Co., 60 Conn. 385, 390."Eldridge v. Gorman, 77 Conn. 699, 701. This is the common-law rule. Under the facts as disclosed by this record, the proper measure of damages is either the market value of the tree, once it is severed from the soil, or the diminution in the market value of the plaintiffs' real property caused by the cutting.Eldridge v. Gorman, supra.
This common-law rule has been embodied in § 52-560 of the General Statutes. The statute does not create a new rule or a new measure of damages: "Any person who cuts, destroys or carries away any trees, timber or shrubbery, standing or lying on the land of another or on public land, without license of the owner, and any person who aids therein, shall pay to the party injured five times the reasonable value of any tree intended for sale or use as a Christmas tree and three times the reasonable value *Page 539 
of any other tree, timber or shrubbery; but, when the court is satisfied that the defendant was guilty through mistake and believed that the tree, timber or shrubbery was growing on his land, or on the land of the person for whom he cut the tree, timber or shrubbery, it shall render judgment for no more than its reasonable value."
The court erred in permitting the jury to consider the replacement cost and in charging the jury that such a measure of damages could be considered as "reasonable value."
"The authorities, as far as we have observed them, hold, with substantial unanimity, that statutes similar to ours do not give a new and independent right of action, and that their sole office is to prescribe the measure of damages in cases where compensatory damages would, in the absence of the statute, be recoverable." Avery v. Spicer, 90 Conn. 576, 583. Such a measure of damages as was propounded in the charge to the jury would lead to unreasonable recoveries in excess of the market value of the land. It would raise impossible issues in resolving the replacement values of healthy or partially damaged trees. Such a rule of damages cannot be practically applied.
"The ultimate measure of damages in a case such as this is the diminution in the value of the plaintiff's property caused by the defendant's tort. It is, however, well established that such diminution in value may be determined by the cost of repairing the damage, provided, of course, that that cost does not exceed the former value of the property and provided also that the repairs do not enhance the value of the property over what it was before it was damaged." Whitman Hotel Corporation v. Elliott Watrous Engineering Co., 137 Conn. 562, 573. The court erred in its admission of evidence and in *Page 540 
its charge as to the costs of replacement as a measure of damages. The true measure of damages to be applied was the reasonable market value of the tree or the diminution in the value of the real estate which occurred from the cutting.
 There is error in part; the judgment is affirmed except as to the issue of damages, and a new trial is ordered limited to that issue.
In this opinion O'BRIEN and MISSAL, JS., concurred.