[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#124)
By complaint dated May 11, 1994, in two counts, the plaintiff, Randi Season, commenced this action against the defendant, Beverly Toepke. In count one, the plaintiff alleges that she resides at 18 Brookside Park, Greenwich, Connecticut, and that the defendant resides at 16 Brookside Park, Greenwich, Connecticut. The plaintiff allegedly purchased her property on or about September 1, 1988, by warranty deed from Cheryl Creber (not a party to this action). The plaintiff alleges that the deed, which is attached as an exhibit to the complaint, included "the right to use the private roads or ways leading from the public highway to said premises. . . ."
The plaintiff further alleges that on May 14, 1993, the defendant acquired her property, which adjoins the plaintiff's property at the plaintiff's southerly border. The deed to the defendant's property provides that the property was conveyed subject to "[s]uch rights as may exist in favor of others in and to that part of the premises which lies within the bed of a private road and turn-around situated in the northeastern portion of the premises. . . ." The plaintiff alleges that the defendant has recently interfered with her use of the private road access to her home by: (1) having the boundary line in the middle of the road staked by a surveyor; (2) placing boulders and rocks on the right of way; (3) otherwise obstructing the plaintiff by screaming at the plaintiff, her family and guests when they use the right of way; and (4) threatening to permanently obstruct the plaintiff's use of the right of way. The plaintiff alleges that she has been unsuccessful in her attempts to resolve this dispute with the defendant.
In count two, the plaintiff alleges an adverse possession CT Page 5101 claim in that she has used and enjoyed a portion of the defendant's property for more than fifteen years prior to the commencement of this action.[1] The plaintiff alleges that her use of the property has been "open, visible, notorious, adverse, exclusive, continuous and uninterrupted" and that the plaintiff now has "sole and exclusive title" to the property. The plaintiff alleges that in the spring of 1993, the defendant began to alter the property, and that the plaintiff objected. The plaintiff alleges that, thereafter, she had the boundary to the property staked. The plaintiff alleges that the defendant has continued to alter and interfere with the plaintiff's use of the property, and has refused to cease her interference with the plaintiff's property.
With respect to count one, the plaintiff seeks an order enjoining the defendant's interference with the plaintiff's use of the private road and turnaround. With respect to count two, the plaintiff seeks an order enjoining the defendant from further interference with the plaintiff's use and enjoyment of the private road area and money damages for the defendant's alteration of that area.
On July 27, 1994, the defendant filed a request for leave to amend her answer, special defenses and counterclaims, to which there was no objection. The defendant filed ten special defenses and fifteen counterclaims. On September 30, 1994, the plaintiff filed a motion to strike the defendant's counterclaims and special defenses, which was accompanied by a memorandum of law. On October 17, 1994, the defendant filed a memorandum of law in opposition to the motion to strike.
A motion to strike may be used to test the legal sufficiency of the allegations of any counterclaim, as well as the legal sufficiency of any answer to a complaint, including any special defenses contained therein. See Practice Book §§ 152(1) and 152(5). In considering a motion to strike, the court is limited to the facts alleged in the pleading, which the court must construe most favorably to the pleader. Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The facts to be considered by the court on a motion to strike include the facts that are implied and fairly provable under the allegations. The court, however, may not consider the legal conclusions or opinions stated in the complaint. Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
In considering a motion to strike, the court is limited to CT Page 5102 considering the grounds that are specified in the motion. Meredithv. Police Commissioner of Town of New Canaan, 182 Conn. 138, 140,438 A.2d 27 (1980). In deciding a motion to strike, the court must consider the claims in the manner most favorable to sustaining their legal sufficiency. Bouchard v. People's Bank, 219 Conn. 465,471, 594 A.2d 1 (1991). Where the legal grounds for a motion to strike are dependant upon underlying facts that are not alleged in the plaintiff's pleadings, the defendant must "await the evidence which may be adduced at trial, and the motion should be denied."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990).
1. As to All Counterclaims
The plaintiff has moved to strike the defendant's fifteen counterclaims on the ground that they are insufficient because the defendant has failed to state an amount in demand in her prayer for relief, as required by General Statutes § 52-91 and Practice Book § 131.
As a general rule, a "counterclaim should be pleaded in exactly the same way the claim would be pleaded in the complaint in an independent action." Home Oil Co. v. Todd, 195 Conn. 333, 341,487 A.2d 109 (1985); see also Practice Book § 168. Practice Book § 131 provides that the complaint shall contain a demand for relief on a separate page, which shall be a statement of the remedy or remedies sought. See Practice Book § 131. Section 52-91 also provides, in pertinent part, that "[t]he first pleading on the part of the plaintiff shall be known as the complaint and shall contain . . . on a separate page of the complaint, a demand for the relief, which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount, legal interest or property in demand is fifteen thousand dollars or more . . . or (2) that the amount, legal interest or property in demand is two thousand five hundred dollars or more but is less than fifteen thousand dollars . . . or (3) that the amount, legal interest or property in demand is less than two thousand five hundred dollars . . . ."
Furthermore, the "prayer for relief must articulate with specificity the form of relief that is sought. . . . A party who fails to comply with this rule runs the risk of being denied recovery." Stern v. Medical Examining Board, 208 Conn. 492, 501,545 A.2d 1080 (1988). CT Page 5103
In the present case, the defendant has articulated with specificity the form of relief that she is seeking, i.e. equitable remedies as well as money damages. Other courts have held that striking a prayer for relief of a counterclaim because a party has failed to literally comply with the mandates of Practice Book § 131 would amount to form over substance. See Oakridge Builders, Inc.v. Reynolds, 3 CSCR 924 (November 3, 1988, Pickett, J.). Accordingly, viewing the defendant's counterclaims in the light most favorable to the defendant, the counterclaims are legally sufficient, despite the failure to include the specific amount of damages demanded in the prayer for relief. A request to revise, which permits a party to obtain a more complete or particular statement of the allegations contained in a party's pleading, is the more appropriate motion to raise the defendant's failure to include an amount in demand in her prayer for relief. Therefore, the motion to strike the defendant's counterclaims is denied.
2. First, Second, Third, Fourth, Fifth, Sixth, Eighth and Ninth Special Defenses
The plaintiff has moved to strike the defendant's first, second, third, fourth, fifth, sixth, eighth and ninth special defenses on the ground that they are legally insufficient because they are not proper special defenses.[2] Specifically, the plaintiff alleges that those special defenses are inconsistent with the plaintiff's statement of facts, and otherwise fail to show that the plaintiff has no cause of action. In opposition, the defendant argues that her special defenses are legally sufficient, and that it is proper to allege facts in a special defense if they explain a general denial and apprise the plaintiff of all the issues in the case.
Practice Book § 164 provides that "[f]act which are consistent with [the plaintiff's statements of fact] but show, notwithstanding, that [the plaintiff] has no cause of action, must be specially alleged." "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway. . . . Whether facts must be specially pleaded depends on the nature of those facts in relation to the contested issues." (Citations omitted.) Bennett v.CT Page 5104Automobile Insurance Co. of Hartford, 230 Conn. 795, 802, 646 A.2d; 806 (1994); see also Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992).
A. First Special Defense
The plaintiff argues that the defendant's first special defense is legally insufficient because the plaintiff claims that the defendant's property is not burdened by Map 385 and that the plaintiff has no rights under Map 385, which directly contradicts the plaintiff's complaint and does not establish that the plaintiff has no cause of action. The defendant argues that the first special defense asserts that the plaintiff has no rights to the portion of the defendant's property shown on Map 385 as a turnaround.
In the first special defense, the defendant alleges facts that are consistent with the plaintiff's allegations and claims that the plaintiff has no right of way over the turnaround described on Map 385. It is not clear if the plaintiff's use of the "private road access," with which the defendant has allegedly interfered, includes the turnaround. Therefore, allegations that the plaintiff has no right to use the turnaround may demonstrate that the plaintiff has no cause of action for interference with her property rights. Viewing the first special defense in the light most favorable to the defendant, the motion to strike the first special defense is denied.
B. Second Special Defense
The plaintiff alleges that the second special defense, which alleges that, inter alia, the plaintiff parked on the defendant's property, is legally insufficient because it in no way defeats the plaintiff's claims. The defendant argues that the second special defense is sufficient because it asserts facts showing a limitation of the rights asserted by the plaintiff, in that if the plaintiff has a right of way over the defendant's property it does not include the right to park or obstruct the right of way.
In the second special defense, the defendant alleges that if there is a right of way, it is not an exclusive right of the plaintiff, and it does not include the right to park on the defendant's property. The defendant further alleges that the plaintiff has parked on the defendant's property in an "unreasonable manner to obstruct" the defendant's use of her CT Page 5105 property. The allegations in the second special defense do not demonstrate that the plaintiff has no cause of action, and therefore, the second special defense is stricken.
C. Third Special Defense
The plaintiff argues that the third special defense is insufficient because it alleges that the plaintiff abandoned the access road and turnaround, which is merely contradictory to the plaintiff's allegations. The defendant argues that the third special defense alleges that the plaintiff abandoned any right to the right of way, which must be specially pleaded.
In the defendant's third special defense, she alleges in part that "[s]ince the old turnaround was removed, no part of the Toepke Property had been used by Season as part of her driveway or parking area until recently and that was limited to a small area centered at the jog south of said line at the upper portion of the old turnaround until May 3, 1994, when Season cleared the woods on the Toepke Property adjacent to her driveway and began parking on the Toepke Property, blocking access thereto." The defendant further alleges that the plaintiff has abandoned any right of way that she may have had over the defendant's property. The motion to strike the defendant's third special defense is denied because the defendant has sufficiently alleged abandonment, which is a recognized special defense. See Mariano v. Guarino, Superior Court, judicial district of Waterbury, Docket No. 101555 (April 6, 1993, Sylvester, J.); Rambling Associates v. Carpino, Superior Court, judicial district of Tolland at Rockville, Docket No. 040041 (December 5, 1990, Scheinblum, J.).
D. Fourth Special Defense
The plaintiff argues that the defendant's fourth special defense should be stricken because the defendant alleges that the plaintiff has excluded the defendant from the roadway and turnaround, which is directly inconsistent with the plaintiff's allegations. The defendant argues that the fourth special defense is a "general equitable defense" to the plaintiff's adverse possession claim.
The defendant, in her lengthy fourth special defense, alleges inter alia, that the plaintiff conducted acts, both before and after she purchased her property, that evince an intention on behalf of the plaintiff to obstruct the use of the turnaround by CT Page 5106 others who held legal title to the property. Additionally, the defendant alleges that the plaintiff's use of the turnaround "was not of a sufficient duration to ripen in to adverse possession of or a prescriptive easement" over the defendant's property, and that it would be inequitable to allow the plaintiff to continue her "adverse possession of and/or prescriptive use" of the defendant's property.
The motion to strike the fourth special defense is granted because the plaintiff has failed to allege facts which defeat the plaintiff's cause of action. Furthermore, the defendant's allegation that the plaintiff's use of the turnaround was not sufficient to ripen into adverse possession is a conclusory statement, which is not admitted on a motion to strike. SeeWestport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 495.
E. Fifth Special Defense
The defendant argues that the fifth special defense should be stricken because it alleges that the defendant has an implied or prescriptive easement over the turnaround and Map 242 roadway which does not show that the plaintiff has no cause of action.
The fifth special defense alleges that if the plaintiff's property is not subjected to Map 242 and Map 385, then the defendant has the right to use the "old turnaround" over the plaintiff's property and the Map 242 roadway "by reason of the implied easements thereto and the open, notorious use thereof under claim of right which extended over a period well in excess of fifteen years" before the plaintiff cut off access thereto. The fifth special defense is stricken because it does not allege facts that show that the plaintiff has no cause of action.
F. Sixth Special Defense
The plaintiff argues that the sixth special defense should be stricken because it only attempts to "undercut" plaintiff's adverse possession claim, and does not negate the cause of action. The defendant argues that the special defense is sufficient because it alleges that if the plaintiff's use of the property was "by license of its previous owner, then the license was revoked."
In the sixth special defense, the defendant incorporates her prior allegations, and further alleges "Season and her predecessors made use of the Toepke Property either by express reservation CT Page 5107 and/or permission and/or acquiescence of Toepke's predecessor in title, in recognition and acknowledgement of Toepke's predecessor in title thereto, pursuant to an unwritten and unrecorded license and such use was not adverse to Toepke's predecessor's title to the Toepke Property" and "[a]ny license given by Toepke's predecessor in title was automatically revoked on her death and/or upon conveyance of title to Toepke and is not binding on Toepke."
To paraphrase the sixth special defense, the defendant alleges that the defendant's predecessor in title either granted permission or granted an unwritten license to the plaintiff that cannot demonstrate an adverse use by the plaintiff of the property in question. The sixth special defense is dependent upon evidence outside of the pleadings, and that the defendant must "await the evidence which may be adduced at trial." See Liljedahl Bros., Inc.v. Grigsby, 215 Conn. 348. Accordingly, the motion to strike the defendant's sixth special defense is denied.
G. Eighth Special Defense
The plaintiff argues that the eighth special defense should be stricken because it merely denied the allegations of the plaintiff's adverse possession claim, and does not negate the cause of action. In the eighth special defense the defendant alleges that the acts upon which the plaintiff bases her claim for adverse possession were "insubstantial, equivocal and not adverse" to the defendant's title, and that the only rights the plaintiff could acquire over the defendant's property are a revocable license or prescriptive easement, not title by adverse possession.
The facts alleged in the eighth special defense do not show that the plaintiff has no cause of action, but merely challenge the substantive allegations that the plaintiff has set forth in the second count of her complaint. Therefore, the eighth special defense is stricken.
H. Ninth Special Defense
Finally, the plaintiff argues that the ninth special defense should be stricken because it alleges a claim for trespass against the plaintiff, which does not negate the plaintiff's claims. The defendant argues that the special defense alleges an equitable defense, and therefore, it is proper.
In the ninth special defense, the defendant alleges that the CT Page 5108 plaintiff has trespassed on the defendant's property without the permission of the defendant. The ninth special defense is stricken because it does not allege facts consistent with the plaintiff's allegations that show that the plaintiff has no cause of action.
3. Tenth Counterclaim
The plaintiff has moved to strike the defendant's tenth counterclaim because it relies upon General Statutes § 52-560, which the defendant argues does not create an independent cause of action, but merely limits the amount of damages that may be recovered in a trespass case involving the destruction of trees or shrubs. The defendant argues that her tenth counterclaim is legally sufficient because it incorporates the allegations of her ninth counterclaim for trespass and seeks the damages provided by § 52-560.
Section 52-560 provides in pertinent part that "[a]ny person. who cuts, destroys or carries away any trees, timber or shrubbery, standing or lying on the land of another . . . without license of the owner . . . shall pay to the party injured . . . three times the reasonable value of any other tree, timber or shrubbery. . . ." Section 52-560 "does not create an independent statutory right of action but rather prescribes the measure of damages where compensatory damage would, in the absence of the statute, be recoverable. . . . Thus, the plaintiffs must prove that a trespass, or other common law tort, has occurred as a predicate to the invocation of the multiple damages provision. . . ." (Citation omitted.) Genua v. Northeast Utilities, Superior Court, judicial district of Tolland at Rockville, Docket No. 43421 (June 11, 1993, Sferrazza, J.), citing Avery v. Spicer, 90 Conn. 576,583, 98 A. 135 (1916); see also Maldonado v. Connecticut Light Power Co., 31 Conn. Sup. 536, 539, 328 A.2d 120 (App.Div. 1974).
The defendant, in her tenth counterclaim, incorporates by reference her sixth counterclaim, which alleges that the plaintiff was granted an unwritten and unrecorded license that was allegedly revoked by the defendant's predecessor in title. Because the invocation of § 52-560 depends upon a person acting without license of the owner, and because that determination cannot be made on a motion to strike; see Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 348; the plaintiff's motion to strike the defendant's tenth counterclaim is denied. Even if this were not the case, the defendant has incorporated the allegations of her ninth counterclaim for trespass, and further alleged that the plaintiff CT Page 5109 violated § 52-560 by "cutting, destroying and carrying away trees, timber and shrubbery standing or lying on the Toepke property." Viewing the allegations of the tenth counterclaim in the light most favorable to the defendant, the defendant has alleged a claim of trespass and made a claim for multiple damages pursuant to § 52-560. The motion to strike the defendant's tenth counterclaim is denied on this alternate ground.
4. Eleventh Counterclaim
The plaintiff has moved to strike the defendant's eleventh counterclaim, which alleges a claim for violation of the Connecticut Unfair Trade Practices Act (CUTPA), on the ground that the plaintiff has failed to allege any ascertainable loss, as is required by § 42-110g(a). The plaintiff postulates that the defendant's factual predicate for her CUTPA claim is speculative and that CUTPA does not authorize actions based upon speculative harm.
Section 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." See generallyA-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200,579 A.2d 69 (1990). In accordance with § 42-110g(a) "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages."
In the defendant's eleventh counterclaim, she essentially incorporates all of the allegations of her first ten counterclaims which are predicated on the same factual allegations as those set forth in the defendant's special defenses. The defendant further alleges that the plaintiff has engaged in "unfair and deceptive acts in the conduct of trade or commerce" in violation of CUTPA by her "misleading development" of her property, her attempts to market her property by "falsely portraying" her property as having rights over the defendant's property to increase the purchase price of her property and her commission as a real estate broker. The defendant further alleges that she has "sustained ascertainable loss of money and property as a result of [the plaintiff's] conduct described in Paragraph 58 above." Paragraph 58 alleges that "Season's clear cutting of the Toepke's Property, building of the crude stone wall and parking on the site was without Toepke's permission." CT Page 5110
The factual predicate that the defendant relies upon for her allegation that she "sustained ascertainable loss of money and property" is legally insufficient in that the defendant has failed to allege facts that comport with the elements of a CUTPA claim. See A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 215-16. Moreover, the defendant's allegation that she "sustained ascertainable loss of money and property" due to the plaintiff's conduct is a legal conclusion, which may not be considered on a motion to strike. See Westport Bank Trust Co. v. Corcoran,Mallin Aresco, supra, 221 Conn. 495. Accordingly, the motion to strike the defendant's eleventh counterclaim is granted because the defendant has failed to allege facts showing that she suffered an ascertainable loss of money or property.
5. Twelfth, Thirteenth, Fourteenth and Fifteenth Counterclaims
The plaintiff moves to strike the defendant's twelfth, thirteenth, fourteenth and fifteenth counterclaims, which allege claims for forcible entry and detainer pursuant to §§ 47a-43 and47a-46, on the ground that the defendant has failed to allege that she was in actual, exclusive possession of the property at the time of the plaintiff's alleged entry onto the defendant's property. The plaintiff cites to Carrier v. Carrier, 85 Conn. 203, 207-08,82 A. 187 (1912), as support for her proposition. In Carrier v.Carrier, supra, 85 Conn. 203, 207-08, the court held that a party claiming forcible entry and detainer must establish actual possession. In opposition, the defendant argues that she has sufficiently alleged that she had actual possession of her property, and that there is no requirement that she allege that her possession was exclusive.
"The process of forcible entry and detainer, provided by our statutes, is in its nature an action by which one in the possession and enjoyment of land . . . who has been forcibly deprived of it, may be restored to the possession and enjoyment of that property. This process is for the purpose of restoring one to a possession which has been kept from him by force. . . . For a plaintiff to prevail, it must be shown that he was in actual possession at the time of the defendant's entry." Berlingo v. Sterling Ocean House,Inc., 203 Conn. 103, 108, 523 A.2d 888 (1987); Communiter Break Co.v. Scinto, 196 Conn. 390, 393, 493 A.2d 182 (1985). "The question of whether the plaintiff was in actual possession at the time of the defendant's entry is one for the trier of fact. . . . Generally, the inquiry is whether the individual has exercised CT Page 5111 dominion and control that owners of like property usually exercises . . . . it is not necessary that there be a continuous personal presence on the land by the person maintaining the action. There, however, must be exercised at least some actual physical control, with the intent and apparent purpose of asserting dominion." Id., 394.
In paragraph 65, which has been incorporated into the defendant's twelfth, thirteenth, fourteenth and fifteenth counterclaims, the defendant alleges that at all times she has "had title and possession" of the portions of her property over which she alleges the plaintiff entered without her permission. Accordingly, the motion to strike the defendant's twelfth, thirteenth, fourteenth and fifteenth counterclaims are denied because the defendant has sufficiently alleged that she was in actual possession of the property. See Berlingo v. Sterling OceanHouse, Inc., supra, 203 Conn. 108; Communiter Break Co. v. Scinto,
supra, 196 Conn. 393.
6. Fifteenth Counterclaim
The plaintiff moves to strike the plaintiff's fifteenth counterclaim, alleging a claim for forcible entry and detainer, on the ground that § 47a-46 does not create an independent cause of action. In opposition, the defendant argues that the fifteenth counterclaim incorporates the preceding allegations, and therefore, sufficiently alleges a claim for forcible entry and detainer.
Section 47a-46 provides that "[t]he party aggrieved may recover in a civil action double damages and his costs against the defendant, if it is found on the trial of a complaint brought under section 47a-43 that he entered into the land . . . by force or after entry held the same by force or otherwise injured by party aggrieved in the manner described in section 47a-43."
"Section 52-465 [now 47a-46] does not create a cause of action but merely provides for treble damages and costs, if it is found on the trial of such a complaint that . . . [the defendant] entered into the lands or tenements by force or after entry held the same by force." Brewer v. Fathergill, 30 Conn. Sup. 607, 609,318 A.2d 131 (App.Div. 1973).
Accordingly, § 47a-46 does not create an independent statutory cause of action. See Brewer v. Fathergill, supra, 30 Conn. Sup. 609. Nevertheless, in the defendant's fifteenth counterclaim she CT Page 5112 has incorporated all of the prior allegations of twelfth, thirteenth and fourteenth counterclaims for forcible entry and detainer, and further alleged a claim for double damages and costs pursuant to § 47a-46. Since the twelfth, thirteenth, fourteenth and fifteenth counterclaims are legally sufficient, the defendant's claim for double damages pursuant to § 47a-46 is also legally sufficient. Therefore, the motion to strike the defendant's fifteenth counterclaim is denied.
KARAZIN, J.