[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Paul and Susan Gallant, are the owners of a home and property located in Monroe, Connecticut. The plaintiffs have filed a two count complaint against the defendant, Housatonic Lumber Company. The first count of the complaint alleges that one of the defendant's employees was driving a truck owned by the defendant which struck a Japanese maple tree on the plaintiff's property. The plaintiff's claim that the tree was so damaged by the collision as to render it worthless. In the second count, the plaintiffs seek three times the value of the tree pursuant to General Statutes § 52-560.[1] The defendant has filed an answer, denying the allegations of the complaint. The defendant also raises two special defenses, i.e., that the second count fails to state a claim upon which relief can be granted[2] and that General Statutes § 52-560 does not apply to negligent property damage to a tree.
The plaintiffs have moved for summary judgment as to liability only. The plaintiffs have filed a memorandum of law containing the defendant's answers to a request to admit, the deposition of Eugene Jones, the driver of the defendant's vehicle, and the affidavit of the plaintiff, Paul Gallant. The defendant has filed a memorandum of law in opposition, containing excerpts of the deposition transcript of Eugene Jones.
The defendant has moved for summary judgment on the second count of the complaint. The defendant has filed a memorandum of law, containing the plaintiff's answers to a request to admit. The plaintiffs have filed a memorandum of law in opposition, containing a copy of a letter written by Michael E. Nadeau, an arborist.
Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732,751, 660 A.2d 810 (1995). The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." Appleton v. Board of Education, supra, 209. "A material fact has been defined adequately and simply as a fact CT Page 1728 which will make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 379, 260 A.2d 596 (1969).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Maffucciv. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Appleton v. Board of Education, supra, 254 Conn. 209.
 I
The plaintiff has moved for summary judgment on the issue of liability. There is no dispute that an agent of the defendant, while backing up his truck on the plaintiff's property after making a delivery, struck the plaintiff's Japanese maple tree causing damage to the tree. These facts are admitted by the defendant in answers to requests to admit and in the deposition of Eugene Jones, the driver of the vehicle. Nothing submitted by the defendant discloses that there is any genuine issue as to its liability for the damage caused to the plaintiff's tree.
"The elements in a negligence cause of action are duty, breach of that duty, causation and damages. To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct was the legal cause of the injuries." (Citations omitted.) Medcalf v. Washington HeightsCondominium Assn., 57 Conn. App. 12, 16, 747 A.2d 532, cert. denied,253 Conn. 923, 754 A.2d 797 (2000). The court finds that the defendant had a duty to the plaintiff not to cause damage to the plaintiff's tree. The defendant breached that duty when its agent backed the truck into the tree. The act of backing the truck into the tree was the proximate cause of the damage sustained by the tree.
The court is aware that "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). There are, however, factual situations, as in this case, where "fair and reasonable [people] could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). The facts in this case present such a situation. Viewing the facts in the light most favorable to the CT Page 1729 defendant, the court finds that there are no genuine issues of material fact, as to the defendant's negligence, and that the plaintiff is entitled to judgment, as to liability only, as a matter of law.[3]
 II
The defendant has moved for summary judgment on the second count of the complaint, wherein the plaintiffs seek recovery of three times the value of the tree, pursuant to General Statutes § 52-560.[4] The statute allows recovery of five times the value of the tree for the cutting, destroying or carrying away of a Christmas tree and three times the value for other trees. The defendant contends that the statute was not intended to apply to a factual situation as in this case, where a tree is damaged due to someone negligently backing a truck into it, rather than due to an intentional cutting, destroying or carrying away of the tree. The plaintiffs contend that the statute prescribes the measure of damages to be assessed against someone who cuts, destroys or carries away any trees in any manner. (Emphasis added.) In that the defendant neither cut nor carried away the tree, the plaintiff's focus on the word destroy. The plaintiffs have submitted evidence to show that the tree is destroyed, both in the true sense of the word, as it has been structurally damaged and will die, and in the sense that its ornamental and aesthetic nature is destroyed by its damaged condition.[5]
The court does not focus its inquiry on whether the tree was sufficiently "destroyed" to fall under the statute. The focus must be on the actions and the culpability of the defendant, not on the resulting damage to the tree. The court has examined the decisions where recovery was sought under the statute. In each decision, the defendant is alleged to have intentionally cut, damaged, uprooted or in other ways destroyed a tree.[6] In no case brought under the statute, has it been alleged that the defendant destroyed a tree through simple negligence.
Looking to the language of the statute, it also expressly provides that if ". . . the defendant was guilty through mistake and believed that the tree . . . was growing on his land . . . [the plaintiff shall recover . . . no more than its reasonable value." If a defendant mistakenly cuts a tree, the increased damages provisions do not apply. Doran v. Rugg,22 Conn. Sup. 189, 194, 164 A.2d 859 (1960).
The court has also looked to the legislative history of the act. Although the legislative history of the statute does not address the specific factual scenario present in this case, it is clear that the legislature intended the increased damage provisions to apply to intentional acts and damage knowingly inflicted.[7] It was not intended to punish a defendant who merely makes an error of judgment. CT Page 1730
 CONCLUSION
The court concludes that the language of Conn. Gen. Stat § 52-560, the legislative history of the act and the cases applying the act make it clear that it was not the intention of the legislature to impose the increased damage provisions on a defendant who negligently backs his truck into a tree. The defendant's motion for summary judgment on count two of the complaint is granted. The matter should be scheduled for a hearing in damages on count one.
Even though the plaintiffs can not recover three times the value of the tree, if they can prove that the Japanese maple tree had an enhanced value as an ornamental tree they will be compensated for the enhanced value. Ordinarily, the measure of damages for destruction of a tree is the reasonable market value of the tree. The measure of damages is not the replacement cost of the tree. If the plaintiffs can show, however, that this particular tree had a peculiar value as shade or as an ornamental tree, as a part of the land, then the measure of damages is the reduction in the pecuniary value of the real estate due to the damage to the tree, rather than the value of the tree itself. Hoyt v. SouthernNew England Telephone Co., 60 Conn. 385, 390, 22 A. 957 (1891); Maldonadov. Connecticut Light Power Co., 31 Conn. Sup. 536, 328 A.2d 120
(1974). The burden is on the plaintiff, however, to establish the appropriate measure of damages.
HOLDEN, J.