[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants move to strike damage claims in Counts One and Two of the complaint. The plaintiff alleges in Count One that the defendants intentionally cut down certain trees on the plaintiff's property and in Count Two that the defendants negligently cut down trees on its property. The defendants move to strike the claim for general damages in each of those counts on the grounds that Conn. Gen. Stat. § 52-560
restricts the damages to which the plaintiff may be entitled when his trees are cut down on his property to those stated in the statute.
Conn. Gen. Stat. § 52-560 provides:
 "Any person who cuts, destroys or carries away any trees, timber or shrubbery, standing or lying on the land of another or on public land, without license of the owner, and any person who aids therein, shall pay to the party injured five times the reasonable value of any tree intended for sale or use as a Christmas tree and three times the reasonable value of any other tree, timber or shrubbery; but, when the court is satisfied that the defendant was guilty through mistake and believed that the tree, timber or shrubbery was growing on his land, or on the land of the person for whom he cut the tree, timber or shrubbery, it shall render judgment for no more than its reasonable value.
The defendants argue that that statute states the sole damages that the plaintiff can recover, and that plaintiff is not entitled to any other damages. In support of that assertion the defendants rely upon Koennickv. Maiorano, 43 Conn. App. 1 (1996). In that case the Appellate Court precluded the plaintiff from recovering damages in a tree cutting CT Page 1023 situation arising out of criminal trespass, but did not say that Section 52-560 was the exclusive remedy for the plaintiff.
A provision in Section 52-560 providing for treble damages for cutting down trees has been in our law at least prior to 1916. In the case ofAvery v. Spicer, 90 Conn. 576 (1916), the court observed that such a statute did not give a new and independent right of action and that its sole purpose was to prescribe the measure of damages in cases where compensatory damages would, in the absence of the statute be recoverable (Id. 583).
Under the common law, the proper measure of damages where trees have been cut on plaintiff's land is "either the market value of the tree, once it is severed from the soil, or the diminution in the market value of the plaintiff's real property caused by the cutting." Maldonado v.Connecticut Light Power Co., 31 Conn. Sup. 536, 538 (1974). See also Gallant v. Housatonic Lumber Company, No. CV 01-074167, Judicial District of Ansonia/Milford at Milford, February 13, 2002 (Holden, J.).
Thus, the Court concludes that Section 52-560 is not the sole measure of damages to which the plaintiff may be entitled. As a consequence plaintiff's claim for general damages is allowable.
Defendants' Motion to Strike is denied.
BY THE COURT ___________________ Robert Satter Judge Trial Referee CT Page 1024